UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH PAVONE, PAMELA LANG,

    Plaintiffs,

v.

Case No. 2:24-cv-1054-KCD-NPM

AMERICAN CONTRACT SYSTEMS, INC., OWENS & MINOR, INC.,

    Defendants.
_____/

# ORDER

This toxic tort case arises from exposure to ethylene oxide ("EtO") near a sterilization plant in Fort Myers, Florida. Defendants American Contract Systems, Inc. ("ACS") and Owens & Minor, Inc. ("OMI") allegedly own and operate the facility. Plaintiffs Joseph Pavone and Pamela Lang live within a mile of the plant. Pavone has developed non-Hodgkin's lymphoma, purportedly due to chronic exposure to dangerous levels of EtO. Pavone brings claims for negligence and ultrahazardous activity against both Defendants, while Lang seeks loss of consortium damages for the injuries to her husband. (Doc. 42.)

OMI has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), arguing it lacks the contacts needed for personal jurisdiction in this forum. (Doc. 48.) For the reasons below, the motion is **GRANTED**.

## I. Legal Standard

Rule 12(b)(2) "governs motions to dismiss for lack of personal jurisdiction." *Lochren v. Horne LLP*, No. 6:21-CV-1640-WWB-LHP, 2022 WL 14065521, at *1 (M.D. Fla. May 3, 2022). When assessing a Rule 12(b)(2) motion, "[t]he court must undertake a two-step inquiry [to] determin[e] whether it can exercise personal jurisdiction over a nonresident defendant." *Id.* "First, the court must determine whether the forum state's long-arm statute provides a sufficient basis for personal jurisdiction." *Id.* If it does, the court must then "determine whether sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id.*

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Curry v. W. Express, Inc.*, No. 7:23-CV-30 (WLS), 2025 WL 919384, at *2 (M.D. Ga. Mar. 26, 2025). "[T]he burden [then] shifts to the defendant to challenge [the] allegations by affidavits or other pleadings." *Burgauer v. Premier Tr., Inc.*, No. 5:23-CV-708-PRL, 2024 WL 2978303, at *4 (M.D. Fla. June 13, 2024). At that point, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Ares Def. Sys., Inc. v. Karras*, No.

2

615CV1107ORL22DAB, 2016 WL 1554127, at *2 (M.D. Fla. Apr. 18, 2016). In assessing the evidence, the "court must construe all reasonable inferences in favor of the plaintiff." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

## II. Discussion

As mentioned, we first ask "whether [Florida]'s long-arm statute provides a sufficient basis for personal jurisdiction." *Lochren*, 2022 WL 14065521, at *1. The reach of Florida's long arm statute is a question of Florida law, and it must be strictly construed. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996); *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018). While the statute allows "both specific and general jurisdiction," *Anderson v. Talentsy, Inc.*, 599 F. Supp. 3d 1207, 1213 (M.D. Fla. 2022), Plaintiffs limit their argument to the former. (Doc. 42 ¶¶ 18-37.)

Florida confers specific jurisdiction over a non-resident defendant if the claims arise from their forum-related contacts (*i.e.*, contacts with Florida) and those contacts fall within one of nine enumerated categories. *See* Fla. Stat. § 48.193(1)(a). Plaintiffs argue that OMI's contacts satisfy two of the statute's categories: (1) "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," § 48.193(1)(a)(1); and (2) "Committing a tortious act within this state," § 48.193(1)(a)(2). Each provision is addressed in turn.

3

### A. § 48.193(1)(a)(1)

Florida recognizes personal jurisdiction over any person who operates a business in the state. *See* Fla. Stat. § 48.193(1)(a)(1). To trigger § 48.193(1)(a)(1), "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). Factors relevant, but not dispositive, to this analysis include: (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue received from Florida clients. *See Prunty*, 753 F. App'x at 734.

OMI has filed a declaration from Steven Laverty, its Vice President of Global Kitting Operations. (Doc. 48-9.) According to Laverty, OMI does not own or operate the Fort Myers plant at the center of Plaintiffs' claims. Rather, Defendant ACS leases the facility, where it conducts sterilization operations for one client.

The relationship between OMI and ACS is that of parent-subsidiary. OMI acquired ACS in 2021, and ACS became a part of the family of distinct corporate entities known as "Owens & Minor." ACS is licensed to do business in Florida, while OMI is not. OMI does not have an office or place of business in the state, has not appointed a registered agent for service of process in

4

Florida, and does not hold a bank account in the state. (*Id.* ¶¶ 7-10.) ACS also maintains its own board of directors, officers, and books of account. (*Id.* ¶¶ 13-15, 21, 23, 27.) Boiled down, according to Laverty, ACS is an indirect subsidiary of OMI that operates independently.

Given Laverty's declaration, OMI has provided sufficient evidence to shift the burden to Plaintiffs to prove jurisdiction. *See Enic, PLC v. F.F. S. & Co.*, 870 So. 2d 888, 891 (Fla. Dist. Ct. App. 2004) ("It is well settled in Florida that the mere presence of a subsidiary in Florida, without more, does not subject a non-Florida corporate parent to long-arm jurisdiction.").

Plaintiffs paint a far different picture. They claim OMI controls the sterilization plant, and thus OMI has "[p]urposefully availed itself of the benefits of doing business in Florida." (Doc. 52 at 6.) Plaintiffs' argument primarily relies on the pleadings. (*Id.*) But they cannot "merely reiterate the factual allegations in the complaint" at this stage. *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). They must now "produce evidence supporting jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Beyond the complaint, Plaintiffs point to ACS's Rule 26 disclosures that name several employees who also "hold themselves out as OMI employees" on LinkedIn. (Doc. 52 at 9.) Plaintiffs stress that these ACS employees have OMI email addresses. (*Id.* at 10.) Elsewhere in the record is an FDA warning letter

5

sent to "OMI, Inc. dba American Contracting Systems, Inc." (*Id.*) Finally, Plaintiffs note that OMI's website lists the Fort Myers plant as "one of our operations." (*Id.*)

Even accepting Plaintiffs' evidence at face value, it is not enough. OMI does not control what individuals put on their LinkedIn profiles. Nor does the use of OMI email addresses refute Laverty's declaration that ACS handles its own finances and has its own employees who control the day-to-day operations—crucial considerations in the specific jurisdiction analysis. Equally problematic, Plaintiffs have not shown how any of their evidence connects OMI's activities to the claims raised here. *See Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 549 (11th Cir. 2019) (no personal jurisdiction under § 48.193(1)(a)(1) where the claims did not arise out of alleged business activity).

Plaintiffs have shown little more than a tangential corporate relationship between OMI and ACS, which is insufficient for the Court to exercise personal jurisdiction over a defendant for "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state[.]" Fla. Stat. § 48.193(1)(a)(1).

## B. § 48.193(1)(a)(2)

"Section 48.193(1)(a)(2) provides that a nonresident defendant is subject to personal jurisdiction in Florida for any cause of action arising from . . . [c]omitting a tortious act within [the state]." *Louis Vuitton Malletier, S.A. v.*

6

*Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013). For personal jurisdiction to attach under this provision, Plaintiffs must show that OMI "committed a substantial aspect of the alleged tort in Florida." *L.O.T.I. Grp. Prods. v. Lund*, 907 F. Supp. 1528, 1532 (S.D. Fla. 1995). "As a separate legal entity, a parent corporation is not liable for torts committed by its subsidiary[.]" *Am. Int'l Grp., Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 336 (Fla. Dist. Ct. App. 2004).

Plaintiffs offer the same evidence as above, which again is not enough. Plaintiffs cannot hold OMI directly liable because the record shows that ACS conducted the activities giving rise to the tort claims. OMI thus never "committed a substantial aspect of the alleged tort in Florida" necessary to establish personal jurisdiction. *See MeterLogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1354 (S.D. Fla. 2000) (dismissing complaint where the court found "no facts" to conclude the parent company "engaged in any [] torts directly").

Florida also allows jurisdiction when the tort "occur[s] through the nonresident defendant's telephonic, electronic, or written communications into Florida so long as the cause of action . . . arise[s] from the communications." *Robinson Helicopter Co., Inc. v. Gangapersaud*, 346 So. 3d 134, 140 (Fla. Dist. Ct. App. 2022). There is no allegation (let alone evidence) that the claims here

arise from OMI's communications into the state. And Plaintiffs have otherwise not alleged that OMI committed a tort outside Florida that caused injury here.

### III. Conclusion

Plaintiffs did not sustain their burden of justifying personal jurisdiction over OMI. And absent jurisdiction, the Court can go no further. *See, e.g., Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). OMI's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 48) is thus **GRANTED**. The Clerk is **DIRECTED** to terminate Defendant Owens & Minor, Inc. without prejudice.

**ORDERED** in Fort Myers, Florida on October 22, 2025.

Kyle C. Dudek
United States District Judge